**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                                           :
                                                                 :     Chapter 15
VPC IMPACT ACQUISITION HOLDINGS II                               :
LIMITED (IN OFFICIAL LIQUIDATION),                               :     Case No. 23-11551 (MEW)
                                                                 :
       Debtor in a Foreign Proceeding.                          :
------------------------------------------------------------------x

### RULINGS WITH RESPECT TO (1) APPLICATION OF AUTOMATIC STAY TO PENDING DISTRICT COURT ACTION AND (2) PROPOSED EXTENSION OF STAY TO NON-DEBTOR PARTIES TO THE DISTRICT COURT ACTION

      VPC Impact Acquisition Holdings II Limited ("**VPC**") is a Cayman Islands company that was formed by a Chicago-based investment advisor named Victory Park Capital Advisors, LLC ("**Victory Park**") and that was operated by a "sponsor" entity named VPC Impact Acquisition Holdings Sponsor II, LLC (the "**Sponsor**"). VPC is a special purpose acquisition vehicle, a type of entity commonly known as a SPAC. VPC, like other SPACs, was formed for the purpose of consummating a merger or similar business combination with one or more business entities that would be identified after the SPAC's formation and funding. In VPC's case, the articles of association required that a combination occur within two years.

      VPC raised more than $250 million through the sale of Class A common shares and warrants through a public offering in March 2021. VPC also sold Class B shares and warrants to its Sponsor (which then distributed some of the Class B shares to certain individuals) for approximately $7.6 million. VPC then set about to identify an acquisition or merger candidate.

      In August 2021, VPC announced that it had entered into an agreement to acquire a Singapore company named FinAccel Pte. Ltd. d/b/a Kredivo ("**Kredivo**"). For reasons that are not clear, however, VPC and Kredivo announced on March 14, 2022 that they had agreed to terminate the acquisition agreement. On that same date, Victory Park announced that it had

arranged a $145 million private structured investment in Kredivo. VPC did not participate in that investment.

Kredivo agreed, as part of the March 2022 termination agreement, to pay cash to VPC cover VPC's out-of-pocket expenses. Kredivo also delivered warrants that entitled VPC to acquire 3.5% of Kredivo's shares in the event that VPC was unable to complete an alternative transaction within its 24-month deadline. I will refer to the cash and warrants as the "**Termination Fee**."

VPC did not engage in any acquisition after termination of the agreement with Kredivo, and in early March 2023 the board of directors voted to redeem the Class A shares, to cease business, and to liquidate the company. VPC also announced that it intended to redeem the Class A shares by returning the amounts that the holders had originally invested and for no other consideration. One of the Class A shareholders, ATG Fund II LLC, filed a class action in the United States District Court for the Southern District of New York on March 8, 2023, alleging that Class A shareholders (not Class B shareholders) were entitled to receive the Termination Fee. *ATG Fund II LLC v. VPC Impact Acquisition Holdings Sponsor II, LLC, Brandan Carroll, Gordon Watson, Carly Altieri, John Martin, Joseph Lieberman, and Kai Schmitz*, Civil Action No. 23-1978-JSR (the "**VPC Class Action**"). The complaint in the VPC Class Action named Victory Park and the individual officers and directors of VPC as defendants, and also named VPC itself as a "nominal" defendant. Count 1 sought a declaratory judgment as to the Class A shareholders' rights; count 2 alleged that a distribution of the Termination Fee to Class B shareholders (instead of to Class A shareholders) would be a breach of the relevant Sponsor Agreement; count 3 alleged that the defendants were breaching fiduciary duties owed to the

2

Class A shareholders; and counts 4 and 5 asserted derivative claims alleging that the individual defendants and Victory Park breached contractual and fiduciary duties that they owed to VPC.

At the time the VPC Class Action was commenced another lawsuit was pending before Judge Rakoff in which similar claims had been raised. That lawsuit had been filed in 2022 by Funicular Funds, L.P. against Pioneer Merger Corp. ("**Pioneer**") and other defendants. *Funicular Funds, LP v. Pioneer Merger Corp. et al.*, Civil Action No. 22-10986-JSR (the "**Pioneer Class Action**"). The VPC Class Action was marked as being "related" to the Pioneer Class Action, and so the VPC Class Action was also assigned to Judge Rakoff.

On April 26, 2023, VPC took steps to commence liquidation proceedings in the Cayman Islands. On July 5, 2023, the Cayman Court entered a supervision order that appointed Mr. Lawson and Mr. Kennedy as Joint Official Liquidators and authorized them to seek recognition of the Cayman proceeding in the United States. On September 27, 2023, Mr. Lawson and Mr. Kennedy, as Foreign Representatives of VPC, filed a chapter 15 petition in this Court. The Foreign Representatives asked this Court to grant recognition of the Cayman proceeding as a "foreign main proceeding" for VPC, which would stay actions against VPC in the United States, including the VPC Class Action. The Foreign Representatives also asked this Court to stay the continuation of the VPC Class Action against the non-Debtor defendants, arguing that such a stay would facilitate the Foreign Representatives' efforts to negotiate a settlement and would facilitate the Cayman liquidation process.

No party objected to the recognition of VPC's Cayman proceeding as a foreign main proceeding. The Foreign Representatives gave notice of its application (including the stay application) to the attorneys for the plaintiff in the VPC Class Action, but the class action plaintiff did not file any objection and did not appear at the scheduled hearing on October 25,

3

2023.  I expressed some misgivings at that hearing about the stay relief that the Foreign Representatives sought, particularly in the absence of any clear indication as to the position of the other parties to that litigation.  I was told then that no proceedings were scheduled in the VPC Class Action, and I included, in the recognition order, a limited stay that by its terms was to expire upon the completion of a Continued Hearing on December 12, 2023.  ECF No. 17.  I also directed the plaintiffs in the VPC Class Action "to state, in advance of the Continued Hearing, their position regarding the application of the automatic stay with respect to [the VPC Class Action] and the requested extension of the automatic stay to non-Debtor parties in that action," and also directed the class action plaintiff's counsel to appear at the Continued Hearing on December 12.  *Id*. at para. 6.

Counsel for the class action plaintiff did not file papers but did enter a formal appearance on December 7, 2023, and then appeared at the Continued Hearing on December 12, 2023.  Counsel informed the Court at the hearing that the class action plaintiff objected to the proposed stay but that no further proceedings were scheduled before Judge Rakoff until February 2024, and that counsel did not object to the continuation of a stay until that time, with the intent that settlement talks would continue.  I then entered an Order that continued the prior stay but only until January 30, 2024, at which point the hearing on the stay application would be resumed.  ECF No. 21.

The parties appeared on January 30, 2024 and informed the Court that they had been engaged in material and meaningful settlement discussions and therefore did not oppose another temporary continuance of a stay.  In preparation for the January 30 hearing, however, the Court reviewed a number of significant developments that had occurred in the Pioneer Class Action

4

and in a separate chapter 15 case that Pioneer had filed in this Court in late 2023. *In re Pioneer Merger Corp.*, Chapter 11 Case No. 23-11663-DSJ.

In May 2023, Judge Rakoff issued an Order in the Pioneer Class Action stating that he intended to dismiss a breach of fiduciary duty claim without prejudice to the plaintiff's right to pursue that breach of fiduciary duty claim in the Cayman Islands, but that he intended to deny a motion to dismiss breach of contract claims that had been asserted in that case. Pioneer Class Action, ECF No. 22. On October 26, 2023, Judge Rakoff issued an Opinion that explained his rulings. *Funicular Funds, LP v. Pioneer Merger Corp., et al.*, 2023 WL 7096245 (S.D.N.Y. 2023). In the Opinion, Judge Rakoff held international comity warranted the dismissal, without prejudice, of the breach of fiduciary duty claims in the Pioneer Class Action, which were governed by Cayman law and would best be resolved in proceedings already pending in the Cayman Islands. However, he also held that Pioneer and other shareholders were third-party beneficiaries of the Sponsor Agreement that was relevant to that case; that the Sponsor Agreement was governed by New York law and had designated New York as the forum in which litigation would occur; and that the District Court could resolve the contract claims more quickly and more efficiently than a Cayman court would be able to do. Accordingly, he held that neither international comity, nor considerations of *forum non conveniens*, warranted any stay or dismissal of the contract claims that had been asserted in the Pioneer Class Action. *Id*.

As noted above, Pioneer also filed a chapter 15 case in this Court on October 19, 2023. Case No. 23-11663. Mr. Lawson and Mr. Kennedy are the joint liquidators and Foreign Representatives of Pioneer in addition to being the joint liquidators of VPC. In papers they filed on October 19 they asked Judge Jones to stay the continuation of the Pioneer Class Action. In a subsequent filing, however, they stated that they sought only to "stay the enforcement of any

5

order made against" Pioneer, and not otherwise to restrict the proceedings in the Pioneer Class Action. *Id*. at ECF No. 18.

The parties in Pioneer's chapter 15 case wished to engage in further discovery regarding disputes over recognition of Pioneer's Cayman proceeding, and no order was entered in the chapter 15 case as to the application for a stay. On December 7, 2023, however, Judge Rakoff issued an Order that noted that the plaintiffs in the Pioneer Class Action had objected to the proposed issuance of a stay in Pioneer's chapter 15 case, and so he withdrew the reference of the Pioneer chapter 15 case "with respect to matters bearing on the outcome of this case." Pioneer Class Action, ECF No. 80.

The parties have agreed that the claims in the VPC Class Action are akin to the claims that are pending in the Pioneer Class Action. The complaint in the VPC Class Action (like the complaint in the Pioneer Class Action) alleges that the Sponsor Agreement is governed by New York law and includes a venue provision stating that disputes will be resolved in courts located in New York. The gist of the Foreign Representatives' argument before me is that the issues in the VPC Class Action will affect VPC and VPC's Cayman proceedings, and therefore should be stayed. However, Judge Rakoff has already determined, in the admittedly similar Pioneer Class Action, that the interests of the Foreign Representatives and other considerations of international comity do not merit a stay of proceedings in the actions that are pending before him, and that the District Court (not a Cayman court) is the proper place for the resolution of contract issues that the parties have raised.

The recognition of a foreign proceeding automatically results in the application of a stay of legal proceedings against the foreign debtor in the territorial jurisdiction of the United States. 11 U.S.C. § 1520. However, the request for a stay as to the non-debtor parties in the VPC Class

6

Action is a request that the Court issue discretionary relief pursuant to sections 105, 1507 and 1521 of the Bankruptcy Code. In addition, the automatic stay as to VPC (like any stay under section 362) may be modified by the Court if the circumstances so warrant. Here, the plaintiff in the VPC Class Action has agreed to temporary stays but has informed the Court that it objects to a stay of the VPC Class Action. In addition, the District Court has already determined that a stay is not warranted in the Pioneer Class Action, and it would be absurdly presumptuous of me to conclude that a different result would be appropriate in the VPC Class Action. This is particularly true since the parties will retain the right to seek a stay before Judge Rakoff if they believe that circumstances relevant to the VPC Class Action warrant such relief.

For the foregoing reasons, I will deny the application for a stay as to the proceedings against the non-debtor defendants in the VPC Class Action. I will also grant relief from the stay as to the continuation of that action against VPC. VPC and other parties to the VPC Class Action will retain their rights to move before Judge Rakoff for a stay or dismissal of the asserted claims.

Dated: New York, New York
      February 2, 2024

                              /s/ **Michael E. Wiles**
                              Honorable Michael E. Wiles
                              United States Bankruptcy Judge